IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAAL ALEXIS, # 366-494 | * | |
| Plaintiff | * | Civil Action No. JFM-15-594 |
| v | * | |
| ROBERT WILLIAMS, et al. | * | |
| Defendants. | * | |

**MEMORANDUM**

On March 2, 2015, Jamaal Alexis ("Alexis"), who is an inmate at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a complaint and motion to proceed in forma pauperis. (ECF 1, 2). As his financial affidavit demonstrates he is indigent, Alexis' motion to proceed in forma pauperis will be granted.

**I.   Background**

Alexis advances the following allegations in the complaint. In December of 2007, he fractured his jaw in an altercation. His jaw was wired shut to treat the fracture. Shortly after the incident he was arrested. On an unstated date, Alexis was sent to the hospital to have the wire removed. After the operation, he never had any problems with his jaw.

In March of 2011, a dentist at NBCI removed Alexis' wisdom tooth on the same side of the fracture. After the wisdom tooth was removed, Alexis started experiencing constant pain in his jaw when he eats, brushes his teeth, or yawns.

In October of 2011, Defendant Robert Williams[1] examined Alexis for complains of jaw pain. Defendant filed Alexis' "teeth down with a dental instrument in an attempt to line my teeth up. (ECF 1, p. 4). Alexis continued to suffer jaw pain after the treatment.

In January of 2013, Alexis returned to the dentist for removal of another wisdom tooth. The dentist asked Alexis what he had done about his fractured jaw in 2011, and showed him an x-ray where the jaw was fractured. Alexis responded his jaw was repaired in April of 2008, and the only treatment he had since was when his teeth were filed in an attempt to align his jaw. Alexis states he requested his dental records.

Based on these allegations, Alexis claims Robert Williams fractured his jaw when treating him and was negligent when he left Plaintiff's jaw in this state without an attempt to repair it. As relief, Alexis requests $50,000 in compensatory damages, $50,000 in punitive damages, and an injunction of unspecified nature.

## II.     Legal Standard

Alexis filed his complaint under 28 U.S.C. §§ 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Alexis. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in

---

[1] Alexis does not state whether Robert is a dental or medical professional. For the purposes of this memorandum, the court will presume he is a medical or dental provider employed at NBCI or otherwise under contract to provide dental services to inmates at NBCI. Alexis has also named an "unknown defendant," although he does not explain why he names this unidentified individual as a party to this proceeding.

the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n. 3).

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

Inadequate dental care is considered inadequate of medical care, which can constitute an Eighth Amendment violation when authorities are deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (" 'dental care is one of the most important medical needs of inmates.' ") (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions

of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). As the Fourth Circuit recently explained in Lightsey, 775 F.3d at 178, deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference. Therefore, "[t]o show an Eighth Amendment violation, it is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Lightsey*, 775 F.3d at 178. The Fourth Circuit has characterized this as an "exacting standard...." *Id*. Moreover, in a case involving a claim of deliberate indifference to a serious medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n. 8 (4th Cir.2014).

Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir.1997). "Actual knowledge or awareness on the part of the alleged inflicter ... becomes essential to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir.1995) (quoting *Farmer*,

511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)

Of import here, "[a] prisoner's disagreement with medical providers about the proper course of treatment does not establish an Eighth Amendment violation absent exceptional circumstances." *Lopez v. Green*, 2012 WL 1999868, at *2–3 (D. Md. June 4, 2012) (citing *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985)); *see Wester Jones*, 554 F.2d 1285 (4th Cir. 1979). Moreover, "any negligence or malpractice on the part of ... doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id.* at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

### III. Discussion

Alexis' claim is that defendant's dental filing amounted to negligent treatment.[2] As noted, negligence in missing a diagnosis without more will not support an inference of deliberate indifference. In this case, Alexis does not allege the treatment amounted to constitutionally inadequate care, and his allegations fail to substantiate a claim of constitutional magnitude.

---

[2] To the extent plaintiff intends to bring a medical malpractice claim, medical malpractice claims are subject to the mandatory arbitration provisions of the Maryland Health Care Malpractice Claims Act, by which he must first file his malpractice claim with the Maryland Health Care Alternative Dispute Resolution Office. *See* Md.Code, §§ 3-2A-01 *et seq.* of the Courts and Judicial Proceeding Article.

Alexis avers that in October of 2011, defendant treated him by filing his teeth with a dental instrument to align the teeth. Alexis advances no allegations that defendant was aware of the previous jaw fracture, there was an excessive risk of harm in filing his teeth, or that defendant acted with subjective recklessness by disregarding the risk. Further, it is unclear when the jaw fracture identified in 2013, actually occurred. [3] The facts are insufficient to show causation between the dental filing and the jaw fracture Alexis claims to have been discovered at the later time.

"[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Simply stated, the allegations fail to suggest defendant acted with requisite deliberate indifference necessary to state a claim of constitutional magnitude for this matter to proceed. Accordingly, the complaint will be dismissed without prejudice.

## IV. Conclusion

For the above stated reasons, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted. A separate order follows.

_3/31/15_
Date

J. Frederick Motz
United States District Judge

---

[3] Because this case will be dismissed for failure to state a claim upon which relief will be granted, the court need not reach the statute of limitations issued posed in this matter. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007), *citing Owens v. Okure*, 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101. As it is unclear whether Alexis would be barred from proceeding in state court, the dismissal is without prejudice. This court expresses no opinion in regard to the merit of Alexis' claims.